Filed 4/14/14  P. v. Andrews CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067067 |
| v. | (Super. Ct. No. 13CM0636) |
| WILLIAM ANDREWS, JR., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*]       Before Gomes, Acting P.J., Franson, J., and Peña, J.

Appellant, William Andrews, Jr., pursuant to a plea agreement, pleaded no contest to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and admitted a "strike" allegation.[1]  Also pursuant to the plea agreement, the court dismissed a charge of bringing a controlled substance into a jail (Pen. Code, § 4573), allegations that appellant had suffered two prior drug possession convictions (Health & Saf. Code, § 11370.2, subd. (c)), and a second strike allegation.

The court imposed a prison term of six years, consisting of the three-year midterm on the instant conviction, doubled pursuant to the three strikes law (Pen. Code, §§ 667, subd. (e)(1); 1170.12, subd. (c)(1)).

Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (Pen. Code, § 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record.  (*People v. Wende* (1979) 25 Cal.3d. 436.)  Appellant has not responded to this court's invitation to submit additional briefing.  We affirm.

## FACTS

The prosecutor stated the following as the factual basis for appellant's plea:  "… if this case proceeded to trial the People would call witnesses to testify that on or about February 18[,] [2013,] the defendant did unlawfully transport a usable amount of methamphetamine, that was here in Kings County.  And previously he had been

---

[1]     We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

2

convicted on February 2nd of 1988 of Penal Code section 211 [robbery], Kings County Superior Court case number 8851."

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.